UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHWAHN MCELROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRIGGS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00759 EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Lathwahn McElroy[1] is a state prisoner proceeding *pro se* in this action filed on June 23, 2025. (ECF No. 1). Plaintiff moves to proceed *in forma pauperis* in this action. (ECF Nos. 2, 6).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action, and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

---

[1] Plaintiff's prisoner ID number is P-71922. While he uses the name "Lathwahn McElroy" in this action, he has also filed cases in this Court as "E.J. McElroy" and "Eibon McElroy" while using P-71922 as his prisoner ID number. *See, e.g.*, docket in *McElroy v. Warden, et al.*, 2:17-cv-1042-MCE-AC (E.D. Cal.) and *McElroy v. George, et al.*, 1:24-cv-982-JLT-EPG (E.D. Cal.).

1

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on June 23, 2025. (ECF No. 1). The Court takes judicial notice[2] of the following four cases, each of which counts as a "strike": (1) *McElroy v. Gebbmedin*, *et al.*, No. 1:08-cv-124-LJO-GSA (E.D. Cal. Dec. 11, 2008) (ECF No. 11) (order dismissing action for failure to state a claim); (2) *McElroy v. Schultz*, *et al.*, No. 1:08-cv-179-OWW-MJS (E.D. Cal. Apr. 30, 2010) (ECF No. 24) (order dismissing action for failure to state a claim); (3) *McElroy v. California Department of Corrections*, 2:08-cv-733-HWG (ECF No. 11) (E.D. Cal. June 3, 2009) (order dismissing action for failure to state a claim); and (4) *McElroy v. Institutional Head Ground*, *et al.*, No. 1:13-cv-483-MJS (E.D. Cal. Nov. 1, 2013) (ECF No. 21) (order dismissing action for failure to state a claim).

Moreover, Plaintiff has previously been denied IFP status because of his three-striker status. *See, e.g.*, *McElroy v. C.H.C.F.*, No. 2:17-CV-1042-AC, 2018 WL 272725, at *1 (E.D. Cal. Jan. 3, 2018), *report and recommendation*, 2018 WL 888696 (E.D. Cal. Feb. 14, 2018); *McElroy*

---

[2] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

*v. Castro*, No. 1:23-CV-0559-JLT-SKO (PC), 2023 WL 4088507, at *1 (E.D. Cal. June 20, 2023).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff alleges numerous violations of his rights in his complaint, mostly concerning his incarceration at Kern Valley State Prison. Generally, he complains of denial of access to the prison grievance process and court access, denial of accommodations for his disabilities, and denial of adequate medical care.

3

For example, Plaintiff complains that prison officials "refused to provide pens/ink and failed to accommodate Plaintiff party legal belongings," resulting in a delay of "access to grievance resolution and court access."[3] (ECF No. 1, p. 4). Likewise, Plaintiff indicates that, for a period of time, he was improperly placed in a "holding cage," which could not accommodate his disabilities, and he was unable to access facilities to properly clean himself, leading to medical complications, such as infections. (*Id.* at 4-6). Lastly, Plaintiff alleges denial of proper medical care, including the following:

> It be clarified that plaintiff requires treatment germane to straightening & extending the leg to aid back of leg from involuntary curling and clinching in neuro-deficit (pain) debilitation; that the claims be preserved in case of need for professional amendment; Defendants' misconduct demonstrates their stubborn neglect aligned in conspiratory/retaliatory coerced act/omission with CDCR agency.

(*Id.* at 13).

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's physical safety under the standards described above. Notably, some of the allegations, such as being denied pens to file prison grievances, do not directly implicate a risk of serious physical injury at all. *See Young v. Achtley*, No. 20-CV-08349-LHK, 2021 WL 9166404, at *6 (N.D. Cal. Aug. 20, 2021) ("Plaintiff is not entitled to proceed under the imminent danger exception for this alleged wrong because the danger must implicate possible 'physical injury,' *see* 28 U.S.C. § 1915(g), which mail confiscation does not.").

Moreover, Plaintiff's wide-ranging and conclusory allegations fail to demonstrate that he may have been "under imminent danger of serious physical injury" when he filed his complaint. This conclusion is underscored by the fact that, at least some of the events alleged in the complaint, appeared to occur at various facilities and time periods. (ECF No. 1, p. 7 – "Over the past year, including at SVSP, Los Angeles County – CSP, CSP-SAC, and KVSP there was no 'duty of care' administered in the prevention of infection nor the prevention of psychotic decompensation, hallucination, nightmares, paranoia with schizo-effect and no effective mental hygiene care administered."). Similarly, from the context of the complaint, Plaintiff's allegations

---

[3] For readability, the Court has made minor alterations, such as changing capitalization, to some of Plaintiff's quotations without indicating each change.

about not being able to clean himself in facilities that could accommodate his disabilities appear to have occurred while Plaintiff was temporarily placed in a holding cell.

Without specific factual allegations of ongoing threats of serious physical injury, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Stephens v. Bragg*, No. 2:23-CV-1172-AC, 2023 WL 4198685, at *3 (E.D. Cal. June 27, 2023), *report and recommendation adopted*, 2023 WL 5516143 (E.D. Cal. Aug. 25, 2023), *reconsideration denied*, 2023 WL 6201751 (E.D. Cal. Sept. 22, 2023) ("Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury. Plaintiff's allegations to the contrary are conclusory and speculative, and thus insufficient to support an exception to the three strikes rule.") (internal citations omitted); *Driver v. Pohovich*, No. 2:22-CV-1672-DB, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III.   CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

And **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 2).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in

full if he wants to proceed with this action.

3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 8, 2025**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE