UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHWAHN MCELROY,<br><br>Plaintiff,<br><br>v.<br><br>C.O. GRIGGS, et al.<br><br>Defendants. | Case No. 1:25-cv-0759 JLT EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN 21 DAYS<br>(Docs. 2, 8)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL<br>(Doc. 9) |

    Lathwahn McElroy seeks to hold the defendants liable for violations of his rights—including those under the ADA; Rehabilitation Act; and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments—while Plaintiff was incarcerated at Kern Valley State Prison. (*See generally* Doc. 1.) Plaintiff requests leave to proceed *in forma pauperis* in the action. (Doc. 2.)

    The magistrate judge reviewed Plaintiff's litigation history and found he is subject to the three-strikes provision of 28 U.S.C. § 1915(g). (Doc. 8 at 2-3.) In addition, the magistrate judge found Plaintiff did not allege facts showing "there is a real and imminent threat Plaintiff's physical safety…." (*Id.* at 4.) The magistrate judge explained that "some of the allegations, such as being denied pens to file prison grievances, do not directly implicate a risk of serious physical injury at all." (*Id.*) Therefore, the magistrate judge recommended the Court deny Plaintiff's

motion and require Plaintiff to pay the filing fee in full to proceed with this action. (*Id.* at 5-6.)

Plaintiff filed timely objections to the Findings and Recommendations. However, Plaintiff does not address the findings or analysis of the magistrate judge related to the pending motion. (*See generally* Doc. 9.) He does not dispute the determinations that he is subject to the three-strikes provision of Section 1915(g) and does not identify facts supporting a conclusion that he was in imminent danger of physical harm when he filed the complaint. Rather, Plaintiff addresses the merits of his allegations against the defendants in this case and requests the appointment of counsel because he has not been able to find representation. (*Id.* at 1-2.)

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Further, to the extent Plaintiff seeks appointment of counsel in his objections, the Court denies the motion. Plaintiff does not have a constitutional right to appointed counsel in this civil action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. After reviewing the record, the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claims. Additionally, Plaintiff appears capable of adequately articulating his claims and arguments without the assistance of counsel. Exceptional circumstances do not exist to warrant appointment of counsel. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 8, 2025 (Doc. 8) are **ADOPTED** in full.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Plaintiff's request for appointment of counsel is **DENIED** without prejudice.
4. Plaintiff **SHALL** pay the $405.00 filing fee in full **within 21 days** of the date of service to proceed with this action.

**Failure to pay the filing fee as ordered will result in the Court dismissing the action without prejudice.**

IT IS SO ORDERED.

Dated:   **August 16, 2025**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE