1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  LATHWAHN MCELROY,                    )  Case No.: 1:25-cv-0759 JLT EPG
                                         )
12              Plaintiff,               )  ORDER DISMISSING ACTION WITHOUT
                                         )  PREJUDICE FOR PLAINTIFF'S FAILURE TO
13       v.                              )  PAY THE FILING FEE
                                         )
14  GRIGGS, et al.,                      )
                                         )
15              Defendants.              )
                                         )
16  _____      )

17       On August 18, 2025, the Court ordered Plaintiff to pay the filing fee after finding he was not

18  entitled to proceed *in forma pauperis* in this matter. (Doc. 12.) The Court warned Plaintiff that if he

19  failed to pay the filing fee as ordered, this would result in dismissal of this action. (*Id.* at 3.)

20  Thereafter, the assigned magistrate judge granted Plaintiff an extension to October 15, 2025, to pay the

21  filing fee, noting that no further extensions would be given and advising him that this lawsuit would be

22  dismissed without prejudice if the Court did not receive the filing fee by the October 15, 2025,

23  deadline. (Doc. 14.)

24       On October 14, 2025, Plaintiff filed a second motion for extension of time to pay the filing fee,

25  generally citing his lack of funds, disabilities, and inability to access legal research resources and

26  speedy communication devices. (Doc. 15.) This request for an extension is **DENIED.** Petitioner was

27  ordered to pay the filing fee approximately three months ago. His motion does not justify an additional

28  extension.

1

Without payment, the action cannot proceed. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022). Dismissal of this action is therefore appropriate. In reaching this conclusion, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

    1.    Plaintiff's complaint is **DISMISSED** without prejudice.

    2.    Plaintiff's motion for extension of time is denied. (Doc. 15).

    2.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 14, 2025**

UNITED STATES DISTRICT JUDGE